# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MAGNUM PIERING, INC.,**

        **Plaintiff,**

v.                                              **Case No. 06-C-276**

**THE MUDJACKERS LLC,**
**GARWOOD WILSON,**
**and CHRIS WILSON,**

        **Defendants.**

## DECISION AND ORDER

The parties have submitted a final consent judgment, better titled as a final consent decree, for the Court's signature. The final consent judgment states: "A settlement having been agreed upon by the parties, effective September 7, 2006, Plaintiff's Complaint is dismissed with prejudice. The Court shall retain jurisdiction to enforce the settlement agreement if need be." (Final Consent J., ¶ 7.) The Court will not execute the final consent judgment in its present form. *See Shapo v. Engle*, No. 05-4096, 2006 WL 2588919, *3 (7th Cir. Sept. 11, 2006). The Court suggests that the parties modify the final consent judgment to state: "A settlement having been agreed upon by the parties, effective September 7, 2006, Plaintiff"s **action** is dismissed **without** prejudice. The Court shall retain jurisdiction to enforce the settlement agreement if need be." *See id.*

With respect to any concern that the parties may have regarding the *res judicata* effect of the final consent decree,

> either the settlement should include a release of the plaintiff's claims, thus barring relitigation of them, as in *Isbell v. Allstate Ins. Co.*, 418 F.3d 788, 797 (7th Cir. 2005); *Williams Electronics Games, Inc. v. Garrity*, 366 F.3d 569, 580 (7th Cir. 2004); *Hoseman v. Weinschneider*, 322 F.3d 468, 477 (7th Cir. 2003), and *Gonzalez v. Kokot*, 314 F.3d 311, 316 (7th Cir. 2002), or the district court should state that judgment is being entered in order to allow the parties to enforce it and that the 'without prejudice' language shall not allow them to reopen issues resolved by the judgment. *See Brunswick Corp. v. Chrysler Corp.*, 408 F.2d 335, 337-38 (7th Cir.1969); *Wallace Clark & Co. v. Acheson Industries, Inc.*, 532 F.2d 846, 849 (2d Cir. 1976).

*Shapo*, 2006 WL 2588919, at *5. The parties' final consent judgment refers to a settlement but does not indicate whether there is a written settlement agreement or disclose its terms. If the parties have a concern regarding the *res judicata* effect of their final consent decree which is not addressed in a written settlement agreement, they should include additional language in their final consent decree: "that judgment is being entered in order to allow the parties to enforce it and that the 'without prejudice' language shall not allow them to reopen issues resolved by the judgment." *See id*.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

If the parties intend the Court to execute a final consent decree in this action, they **SHALL** revise and resubmit a final consent decree consistent with this Decision and Order.

Dated at Milwaukee, Wisconsin this 21st day of September, 2006.

                                           **BY THE COURT**

                                           s/ Rudolph T. Randa
                                           **Hon. Rudolph T. Randa**
                                           **Chief Judge**